# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK PRESTON,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 16-cv-2612 |
| | : | |
| **EMR SCRAP, et al.,** | : | |
| Defendants. | : | |

## MEMORANDUM

**SITARSKI, M.J.**  September 22, 2017

Presently before this Court is a motion to dismiss Plaintiff's complaint for failure to appear for Court ordered deposition, filed by Defendant, EMR Scrap,[1] and Defendant, Camden Iron & Metal, LLC (collectively "Defendants"). (Mot. to Dismiss, ECF No. 26). For the reasons that follow, Defendants' Motion is **GRANTED.**

## I. BACKGROUND

On April 28, 2016, Plaintiff Derrick Preston filed a civil complaint in the Philadelphia County Court of Common Pleas against Kaye Personnel Inc., Labor Force Inc., EMR Scrap, and Camden Iron & Metal, LLC. (Pl.'s Compl., ECF No. 1, Ex. A).[2] In his complaint, Plaintiff alleged that on October 28, 2014, Defendants, acting through their employees, negligently allowed a conveyor belt to become overloaded causing a metal beam to fall from the conveyor belt onto Plaintiff. (*Id.* ¶ 11).

---

[1] EMR (USA Holdings), Inc. has been improperly identified in the caption as EMR Scrap. For consistency, we will refer to EMR (USA Holdings), Inc. as EMR Scrap.

[2] On August 10, 2016, the Court granted Defendants Kaye Personnel Inc. and Labor Force Inc.'s motion for judgment on the pleadings, and these parties were dismissed from the case. (ECF No. 12).

On May 26, 2016, Defendants petitioned for removal to federal court pursuant to 28 U.S.C. §§ 1332 and 1441. (ECF No. 1).[3] On May 28, 2017, Defendants Camden Iron & Metal, LLC, and EMR Scrap filed this motion to dismiss based upon Plaintiff's failure to appear for deposition on three separate occasions, including a Court ordered deposition. (ECF No. 26). Plaintiff's deposition initially was scheduled for May 31, 2017; all counsel were present, but Plaintiff failed to appear. (*Id.* ¶¶ 2-3). The deposition was re-noticed for June 6, 2017, and Plaintiff again failed to appear. (*Id.* ¶ 4). On June 8, 2017, following a teleconference with counsel for the parties, I entered an Order compelling Plaintiff to appear for his deposition on June 28, 2017. I further noted that, should Plaintiff again fail to appear, Defendants could file a motion requesting sanctions as appropriate, including dismissal of the action with prejudice. (ECF No. 24). Plaintiff again failed to appear for the deposition, and Defendants filed the present Motion to Dismiss. (ECF No. 26).

## II. LEGAL STANDARD

The Court may order sanctions if a party fails to attend its own deposition. Fed. R. Civ. P. 31(d)(1)(A)(i). If a plaintiff fails to comply with a court order, a defendant may move to dismiss the action. Fed. R. Civ. P. 41(b); *see also* Fed. R. Civ. P. 31(b)(2)(A) (stating sanctions for failure to obey a discovery order include, *inter alia*, dismissal of the action). When deciding whether dismissal is an appropriate sanction, I must balance the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). These factors are:

> (1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling

---

[3] This matter initially was assigned to the Honorable C. Darnell Jones. On April 12, 2017, the parties consented to the exercise of jurisdiction by a United States Magistrate Judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 73. *See* ECF Docket No. 17.

> orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of the sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868 (emphasis omitted). There is no "magic formula" or "mechanical calculation" for balancing the *Poulis* factors. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). "No single *Poulis* factor is dispositive," *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003), and not all of the *Poulis* factors need to be satisfied to dismiss a complaint. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Deciding whether to dismiss the action requires a balancing of the factors articulated in *Poulis*. *Huertas v. City of Philadelphia*, 2005 WL 226149 *2 (E.D. Pa. 2005).

## III. DISCUSSION

Defendants have filed the instant motion to dismiss after Preston's third failure to appear for his deposition. Due consideration of each of the *Poulis* factors leads me to conclude that dismissal with prejudice is an appropriate sanction for Plaintiff's failure to attend his own deposition on three separate occasions, including a court-ordered deposition.

Each of the *Poulis* factors will be discussed in turn.

### A. The Extent of the Party's Personal Responsibility

Plaintiff is personally responsible for his own failure to appear for his deposition, and for the resulting delay in the litigation. On three separate occasions, Plaintiff failed to attend his scheduled deposition. The first and second deposition dates were confirmed by counsel the day prior. (Mot. to Dismiss, ECF No. 26, Ex. C). Moreover, all counsel were present for these depositions; Plaintiff was the sole absentee from the scheduled proceedings, evincing his

3

personal responsibility. Additionally, the third failure to appear was in direct violation of the Court Order dated June 9, 2017. I conclude that this factor weighs in favor of the imposition of the extreme sanction of dismissal.

### B. Prejudice to the Adversary

Defendants have suffered prejudice due to Plaintiff's failure to appear for deposition. Defendants incurred costs to prepare and travel to each of the three depositions. *See Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984) (stating that "excessive and possibly irremediable burdens or costs" prejudices an adversary). More significantly, Plaintiff's failure to submit to deposition prevents Defendants from developing and implementing their trial strategy. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Wiley v. Star Chrysler/Jeep LLC*, 2009 WL 410673, at *2 (D. Del. 2009) ("Plaintiff's repeated failure to attend his deposition severely impedes Defendant's ability to prepare a trial strategy."). As in *Poulis*, "defendant[s] encountered lack of cooperation from the plaintiff in areas where the plaintiff should cooperate under the spirit of the federal procedural rules." *Poulis*, 747 F.2d at 868. I conclude this factor weighs in favor of dismissal.

### C. A History of Dilatoriness

Plaintiff has shown a history of dilatoriness here, given his failure to attend three scheduled depositions. *See Huertas*, 2005 WL 226149 at *3 (finding a history of dilatoriness where Plaintiff failed to appear for properly noticed depositions, including in violation of a Court Order); *Hicks v. Feeney*, 124 F.R.D. 79, 82 (D. Del 1987) (finding a history of dilatoriness where Plaintiff failed to appear for three duly noticed depositions). This factor weighs in favor of dismissal.

4

### D. Whether the Conduct was Willful or in Bad Faith

I find Plaintiff's failure to appear on three separate occasions to be willful. Plaintiff's failure to inform defense counsel and his own counsel of his absence, as well as his disregard for this Court's Order compelling his attendance at the third scheduled deposition, indicates willful behavior. *See Wiley*, 2009 WL 410673, at *2. I conclude this factor supports dismissal.

### E. Alternative Sanctions

Dismissal with prejudice is a drastic sanction, *Poulis*, 747 F.2d at 867, but I conclude that it is warranted in this case. A party's failure to attend his own deposition on multiple occasions without informing counsel and in direct violation of a Court Order is obviously unacceptable conduct. *See Hicks*, 124 F.R.D. at 85; *Huertas*, 2005 WL 226149 at *4. Moreover, I specifically warned Plaintiff that his failure to appear for his third scheduled deposition could result in dismissal of the action with prejudice.

### F. Meritoriousness of the Claim

This Court cannot determine whether Plaintiff has a meritorious claim "because Plaintiff has refused to be deposed." *Caldwell v. Vineland Police Dep't*, 2010 WL 2545966, at *2 (D.N.J. 2010); *see also Wiley*, 2009 WL 410673 at *3. Neither party has presented the Court with any insight into the strengths and weaknesses of the claims and defenses, so this factor is neutral.

## IV. CONCLUSION

Plaintiff has failed to attend his scheduled deposition on multiple occasions, and has violated this Court's Order compelling his appearance. By Order dated June 9, 2017, I specifically advised Plaintiff that if he failed to appear for his deposition (for the third time), I would consider appropriate sanctions, including dismissal of the action with prejudice. (Order,

ECF No. 24).

In light of the foregoing, I conclude that dismissal of the action with prejudice is the appropriate sanction, and grant Defendants' motion.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE